SEXTON, Appellee,

v.

OAK RIDGE TREATMENT CENTER ACQUISITION CORPORATION, Appellant.

[Cite as *Sexton v. Oak Ridge Treatment Ctr. Acquisition Corp.*, 167 Ohio App.3d 593, 2006-Ohio-3852.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 05CA34.

Decided June 29, 2006.

Lambert, McWhorter and Bowling and Jeremy R. Morris, for appellant.

Anita Gail Sexton, pro se.

HARSHA, Presiding Judge.

{¶ 1} Oak Ridge Treatment Center Acquisition Corporation ("Oak Ridge") appeals from a municipal court judgment awarding payment to Anita Sexton for "paid time off" ("PTO") that she had accrued but had not used when Oak Ridge terminated her employment. Oak Ridge asserts that the trial court erred as a matter of law in failing to enforce a provision of the Oak Ridge Employee Handbook stating that employees who resign or are terminated are not entitled to payment for their accrued but unused PTO. In determining that Sexton was entitled to payment, the trial court erroneously relied upon a finding made in prior unemployment-compensation proceedings that she had been discharged without "just cause." Findings made in the unemployment-compensation proceedings were not relevant in deciding whether Sexton is entitled to payment for PTO under the terms of her employment relationship. Because Oak Ridge's policy clearly precludes its employees from collecting any payment for PTO upon discharge from employment, the trial court erred in failing to enforce it. Accordingly, we reverse the trial court's judgment.

## I. FACTS

{¶ 2} In August 2003, Sexton began working for Oak Ridge as an hourly employee. Shortly after she was hired, she signed a form acknowledging her

receipt of a copy of the Oak Ridge Employee Handbook, which sets forth the company's "personnel policies, work rules, wage and benefit information, and other terms and conditions of employment" for its employees. The employee handbook reserves to Oak Ridge the right to modify or add to the handbook's provisions as it deems appropriate.

{¶ 3} In early 2005, Oak Ridge instituted a timekeeping policy for its hourly employees concerning the punching in and out of their time cards. The new policy provided:

You must *never* punch a time card that is not yours, and you must never allow another person to punch your time card. *Punching another person's time card, or having another person punch your time card is grounds for immediate termination of both individuals.*

(Emphasis sic.)

{¶ 4} Sexton signed a form acknowledging her receipt of a copy of the timekeeping policy. In April 2005, Oak Ridge terminated Sexton's and a co-worker's employment after the other employee punched out Sexton's time card at the end of Sexton's shift.

{¶ 5} Following her termination, Sexton applied for and was ultimately granted unemployment compensation, over Oak Ridge's opposition. She also filed a complaint in the small claims division of municipal court seeking monetary compensation from Oak Ridge for approximately 143 hours of PTO that she had accrued but had not used when her employment ended. A magistrate heard Sexton's claim.

{¶ 6} Based upon Sexton's testimony that the Unemployment Compensation Review Commission had granted her unemployment compensation claim because it found that Oak Ridge had discharged her without just cause, the magistrate concluded that Sexton is entitled to payment for the number of hours in her PTO account at the time Oak Ridge terminated her employment. The trial court adopted the magistrate's decision and entered judgment in Sexton's favor for $2,027.89, representing the monetary equivalent of Sexton's PTO account at the time of her discharge.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Oak Ridge appeals from the trial court's judgment and raises four assignments of error:

*Assignment of Error # 1:* The Trial Court erred as a matter of law when it entered judgment in favor of the Plaintiff/Appellee.

*Assignment of Error # 2:* The Trial Court erred as a matter of law when it failed to apply the principals [sic] of contract law to the instant case.

*Assignment of Error # 3:* The Trial Court abused its discretion when it failed to enforcement [sic] the provisions contained in the Defendant/Appellant's employee handbook which are relevant to the case at bar.

*Assignment of Error # 4:* The Trial Court's judgment in favor of the Plaintiff/Appellee was against the manifest weight of the evidence.

## III. ANALYSIS

{¶ 8} Oak Ridge's assignments of error are interrelated. Together they assert that the trial court erred as a matter of law in failing to enforce the Oak Ridge Employee Handbook PTO policy provision that states that employees who either resign or have their employment terminated will not be paid for any balance remaining in their PTO account. We review questions of law de novo.

{¶ 9} The Oak Ridge Employee Handbook expressly states that employment with Oak Ridge is "at will" and that Oak Ridge can terminate the employment relationship "at any time, with or without cause." On its face, Oak Ridge's "at will" employment policy conforms to Ohio's "employment-at-will" doctrine, subject to public policy or other exceptions recognized in Ohio law. See, e.g., *Collins v. Rizkana* (1995), 73 Ohio St.3d 65, 67, 652 N.E.2d 653; *Finsterwald–Maiden v. AAA S. Cent.* Ohio (1996), 115 Ohio App.3d 442, 445, 685 N.E.2d 786.

{¶ 10} The employee handbook contains provisions setting forth various benefits, including PTO, which the company provides to its employees. Most of these provisions are not relevant to this appeal. Oak Ridge's policy concerning payment of PTO to employees who resign or are terminated appears in the employee handbook PTO provision entitled "Resignation/ Termination," which states:

> Upon resignation/termination from the company, an employee **will not** be paid for any unused and accrued time in the PTO account.

(Emphasis sic.)

{¶ 11} The issue here involves the enforceability of that policy. The plain language of the resignation/termination provision precludes an employee from collecting any payment for PTO upon termination, without regard to the reason or existence of just cause for the termination. Despite the provision's clear and unambiguous language, the court concluded that Sexton should receive payment for her accrued and unused PTO because the Unemployment Compensation Review Commission found, in awarding Sexton unemployment-compensation benefits, that Oak Ridge discharged her without "just cause." However, "just cause" for purposes of the agency's determination regarding a discharged employee's eligibility to receive unemployment-compensation benefits is distinct from, and

has no collateral-estoppel effect upon, a subsequent civil suit concerning the employee's discharge. See R.C. 4141.281(D)(8); *Wilson v. Matlack, Inc.* (2000), 141 Ohio App.3d 95, 101–102, 750 N.E.2d 170; *Adams v. Harding Machine Co.* (1989), 56 Ohio App.3d 150, 565 N.E.2d 858; *Dean v. Miami Valley Hosp.* (Feb. 22, 1988), Montgomery App. No. 10391, 1988 WL 25874. Thus, in the civil suit concerning Sexton's PTO claim, the trial court erred to the extent it considered any "just cause" determination made in the unemployment-compensation proceedings.

█ {¶ 12} Sexton admitted at the magistrate's hearing that the language of Oak Ridge's PTO "Resignation/Termination" provision published in the employee handbook is clear, i.e., that employees *will not be paid* PTO upon employment termination. Sexton further acknowledged that Oak Ridge had done nothing that made her believe its PTO policy concerning discharged employees differed from that published in the employee handbook.

{¶ 13} Oak Ridge was not required by law to give its employees any PTO. See, e.g., *Ammons v. Akromold, Inc.* (May 20, 1998), Summit App. No. 18641, 1998 WL 254801. Accordingly, when it did give PTO to its employees, it could establish the rules under which employees could receive that benefit. Id. Notably, Ohio courts have enforced company policies regarding payment—or nonpayment—of personal or vacation time upon termination of employment when those policies are clear and published in an employee handbook. See, *Winters–Jones v. Fifth Third Bank* (May 27, 1999), Cuyahoga App. No. 75582, 1999 WL 342215 (holding that former employee was not entitled to payment for vacation time accrued but not used at the time she left her employment, when the company's policy manual clearly stated that vacation time must be used during the employee's employment or is lost); *Bologa v. I.H.S., Inc.* (Mar. 17, 1999), Summit App. No. 19218, 1999 WL 293945 (determining that employee was not entitled to unused vacation pay at termination when employer's vacation policy stated that no paid time off would be paid out at termination). See, also, *Van Barg v. Dixon Ticonderoga Co.,* 152 Ohio App.3d 668, 2003-Ohio-2531, 789 N.E.2d 727 (holding that employer was entitled to implement "use it or lose it" vacation policy prospectively, but could not apply the policy retroactively to divest terminated employee's vacation time accrued before the policy went into effect); *Spry v. Mullinax Ford* (Nov. 13, 2000), Stark App. No. 2000CA00118, 2000 WL 1707350 (enforcing written company policy requiring employee's continued employment on anniversary date to be entitled to payment for accrued vacation time). Compare *Braucher v. Allied Truck Parts Co.,* Stark App. No. 2002CA00278, 2003-Ohio-1698, 2003 WL 1735248 (holding that employee was entitled to accrued vacation pay upon termination when employee handbook

expressly provided, "Eligible employees *will* be paid for earned but unused vacation upon termination.") (Emphasis added.)

{¶ 14} Although employee handbooks and policy manuals are not in and of themselves contracts of employment, they may define the terms and conditions of an at-will employment relationship if the employer and employee manifest an intention to be bound by them. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 104, 19 O.B.R. 261, 483 N.E.2d 150; *Finsterwald–Maiden*, 115 Ohio App.3d 442, 685 N.E.2d 786; *Sowards v. Norbar, Inc.* (1992), 78 Ohio App.3d 545, 549, 605 N.E.2d 468; *Winters–Jones,* supra. Here, Sexton's continued employment after receiving the Oak Ridge Employee Handbook, together with her claim of entitlement to payment for accrued but unused PTO, manifests her acceptance of Oak Ridge's PTO policy. *Sowards,* supra, at 551, 605 N.E.2d 468; *Winters–Jones,* supra.

{¶ 15} The trial court erred as a matter of law in failing to enforce the resignation/termination provision of Oak Ridge's PTO policy. Because the provision clearly states that an employee will not be paid for any accrued, unused time remaining in the employee's PTO account upon termination of employment, Sexton was not entitled to collect PTO payment after Oak Ridge terminated her employment. Accordingly, Oak Ridge's assignments of error have merit, and we must reverse the judgment.

Judgment reversed.

KLINE and MCFARLAND, JJ., concur.