[Cite as *In re Estate of Udell v. Seeley*, 2016-Ohio-6974.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. 14 MA 0157 |
| THE ESTATE OF ALAN UDELL, et al. | ) | |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DONALD R. SEELEY, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 2011 CV 00983

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiffs-Appellants:     Atty. Marty D. Nosich
                              143 West Main Street
                              Cortland, Ohio  44410

                              Atty. Robert A. Henkin
                              6 Federal Plaza Central, Ste. 905
                              Youngstown, Ohio  44503

For Defendants-Appellees:     Atty. Mark A. Hutson
                              33 Pittsburgh Street
                              Columbiana, Ohio  44408

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                              Dated:  September 22, 2016

WAITE, J.

{¶1}     This matter involves the appeal of an October 15, 2014 judgment of the Mahoning County Court of Common Pleas in favor of Appellees, Donald R. Seely ("Seely"); Stephen Smith ("Smith"); Midland Title and Security ("Midland") and Inter-County, Inc. ("Inter-County") against Appellants, Estate of Alan Udell ("Udell") and Robert Henkin ("Henkin").  Appellants contend the trial court erred in finding in Appellees' favor on Appellants' unjust enrichment and spoliation of evidence claims.  Based upon the foregoing, Appellants' assignments of error are without merit and the judgment of the trial court is affirmed.

<u>Factual History</u>

{¶2}     On August 1, 1983, Seely, Smith, Udell and Henkin founded Inter-County, Inc., an Ohio corporation, in which each were 25% shareholders.  As consideration, three shareholders paid $2,500.00 each.  Smith's consideration was his "sweat equity."  Inter-County was established to perform title and escrow services in Columbiana County.  Approximately eighteen months after Inter-County was initially formed, Seely and Smith decided to form a partnership which they named Midland Title and Security.  Midland was established to perform title work in Mahoning and Trumbull Counties.  The two companies agreed to share office space and to have all the escrow work for Midland's Mahoning and Trumbull County business go to Inter-County.  In dispute is whether, in exchange for receiving all of Midland's escrow work, Inter-County agreed to pay all of the operating expenses for both companies.

**{¶3}** From their inception in the 1980s until an economic downturn around 2008, both companies performed well and all shareholders received dividend payments regularly. Udell and Henkin acted as passive investors while Seely and Smith ran the day to day operations, with Smith playing the most prominent role. In 2008 both businesses began to suffer from the economic downturn which particularly affected the housing market. Smith and Seely decided to dissolve Inter-County and wind up its affairs. Corporate dissolution papers were drafted and a meeting of all shareholders was called. The meeting was held at the company offices on November 17, 2008. Udell had passed away in 2006 but his estate was represented at this meeting by the estate's probate attorney. The meeting did not end with a signed dissolution agreement, as the expense sharing arrangement was called into question by Udell's son and estate attorney. Appellants filed suit in March of 2011.

## Statement of the Case

**{¶4}** Appellants filed their complaint against Appellees on March 28, 2011, alleging conversion, unjust enrichment, breach of fiduciary duty, breach of duty of loyalty, tortious inducement into a breach of the duty of loyalty, breach of contract, fraud, fraudulent inducement, spoliation of evidence and a demand for an accounting. Appellees filed an answer and counterclaim on June 2, 2011, alleging that overpayments were made to Inter-County.

**{¶5}** On completion of discovery, Appellees filed a motion for summary judgment. The trial court overruled this motion and the matter proceeded to a bench

trial held on October 1, 2014. At the conclusion of trial, Appellees dismissed their counterclaim.

{¶6} In a judgment entry dated October 15, 2014, the trial court found for Appellees on all counts. It is from this judgment which Appellants now appeal. As Appellants' first and second assignments of error are related, they will be addressed together.

## ASSIGNMENT OF ERROR NO. 1

The trial court erred as a matter of law by requiring Plaintiffs to prove an existence of a contract with respect to an unjust enrichment claim.

## ASSIGNMENT OF ERROR NO. 2

The trial court erred in finding in the Defendants' favor on the Complaint's "unjust enrichment" claim.

{¶7} Appellants argue the trial court erred in requiring that they prove a valid contract existed when ruling on their unjust enrichment claim. Appellants take issue with the following language in the trial court judgment entry: "In order for the Plaintiffs to prevail on any of their theories of recovery, they must first show that the parties all agreed that each corporation would pay its pro rata share of expenses." (10/15/14 J.E.) Appellants contend that the trial court erroneously viewed all of their claims using a breach of contract standard, based on this sentence.

{¶8} In Ohio, an unjust enrichment claim is quasi-contractual in nature. It is an obligation which arises by law to address an instance where a party is the recipient of benefits which that party is not equitably entitled to retain. *Hummel v.*

*Hummel,* 133 Ohio St. 520, 527, 13 N.E.2d 923 (1938). Unjust enrichment arises where no express contract exists, and any agreements are those implied by the actions of the parties. *Weiper v. W.A. Hill & Assoc.,* 104 Ohio App.3d 250, 262, 661 N.E.2d 796 (1995). The only remedy available to a party in raising an unjust enrichment claim is restitution of the reasonable value of the benefit unjustly conferred. *St. Vincent Med. Ctr. v. Sader,* 100 Ohio App.3d 379, 384, 654 N.E.2d 144 (1995).

**{¶9}** The elements of an unjust enrichment claim are as follows: (1) a benefit conferred by plaintiff upon defendant; (2) knowledge by defendant of the benefit; and (3) retention of the benefit by defendant in circumstances where retention without payment to plaintiff is unjust. *L & H Leasing Co. v. Dutton,* 82 Ohio App.3d 528, 534, 612 N.E.2d 787 (1992).

**{¶10}** Appellants challenge the findings of the trial court following a bench trial on the matter. According to the Ohio Supreme Court, a reviewing court must be "guided by a presumption" that the fact-finder's determinations are correct. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273 (1984). "[A]n appellate court should not substitute its judgment for that of the trial court when there exists, as in this case, competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." *Id.* at 80. Therefore, we should not overturn the trial court's decision unless its decision is against the manifest weight of the evidence. *Id.* A judgment is not against the manifest weight of the evidence if it is supported by "some competent, credible evidence going to all the

essential elements of the case." *C.E. Morris Co. v. Foley Constr.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶11} In the instant case, although Appellants argue in their first assignment of error that the trial court erroneously required them to establish the existence of a contract in order to recover under their unjust enrichment claim, this is based on their interpretation of one sentence in an entry taken out of context. A complete review of the matter reveals the trial court conducted a thorough analysis of the evidence, including whether the parties had an actual agreement stating the manner in which operating expenses were to be paid. It is Appellants who have argued, both here and throughout these proceedings, that the parties maintained an express agreement for the payment of operating expenses. Appellants contend that an actual contract existed which set forth the parties' agreements as to payment of expenses, and that included terms of mandatory pro rata division of operating expenses. Appellants' third assignment, in fact, is predicated on the notion that Appellees destroyed evidence relating to Midland's documents, including, "the corporate book" that "would have contained the parties' agreement regarding expenses." (Appellant's Brf., p. 17.) In the alternative, Appellants also argue that no such agreement existed and thus, they should recover on a theory of unjust enrichment based solely on the uncontested evidence that Inter-County paid Midland's operating expenses over more than a twenty-year time period. Because Appellees admitted at trial that 100% of their time was spent working on Inter-County business and none on Midland's, Appellants argue, Midland's profits were directly attributable to the alleged unjustified

benefit conferred by Inter-County's payment of all of Midland's operating expenses. They claim Inter-County should be reimbursed for all of this benefit (in the form of payment of operating expenses) conferred on Midland for over twenty years.

{¶12} Throughout the trial, Appellants argued that an agreement was in place that provided Inter-County would pay only its pro rata share of operating expenses and that an actual written memorialization of that agreement was purposefully destroyed by Appellees. Appellees contend, however, that it was argued that Inter-County paid a majority of operating expenses for both businesses in exchange for receiving all of Midland's escrow business. After the bench trial, the trial court ultimately concluded that, "there is an absence of any written agreement between the parties relative to the expenses." (10/15/14 J.E.)

{¶13} Because Appellants were unable to produce a written agreement relevant to the operating expenses arrangement, Appellants also raised a claim for unjust enrichment for the payment of these operating expenses by Inter-County to benefit Midland. Appellants contend this matter presents a textbook example of unjust enrichment. Evidence shows Inter-County paid substantially all of Midland's expenses for over twenty years, (include a company car, Christmas parties and all operating expenses) while at the same time Appellees Seely and Smith drew large salaries. At trial, Appellants admitted into evidence multiple tax returns for the Midland partnership as well as a summary of tax returns for Inter-County and evidence of compensation received by Inter-County officers and employees, all in an effort to demonstrate the amount of monies allegedly improperly expended by Inter-

County for both entities. Testimony from both parties indicates that Inter-County did pay the majority of operating expenses and all salaries for the duration of the period both entities were in existence and shared office space. All parties agree further that Appellees retained those monies and continued to accept payment from Inter-County for Midland expenses.

{¶14} The crux of Appellants' argument rests on whether the retention of those monies by Appellees without repayment was unjust. Appellees claim that Midland's expenses were paid by Inter-County in exchange for Midland's agreement to give all of its escrow work to Inter-County, resulting in great profit for Inter-County. At trial, Appellees testified that all parties attended meetings to discuss bonuses, dividend disbursements and large office expenditures, including computer systems. Appellees contend that at no time during the over twenty-year existence of the companies did Appellants contact the accountants handling Inter-County's finances nor make any inquiry into the payment of expenses. The record reveals the first time the issue was raised was at the time the decision was made to dissolve Inter-County in 2008, when Udell's son and his estate attorney inquired about the arrangements for expense payment at the dissolution meeting.

{¶15} A review of this record reveals no evidence of an express agreement regarding an expense sharing arrangement between the parties. There was evidence introduced, however, as to the manner in which expenses were paid for over a twenty-year period and as to the participation of all parties in the operation of the businesses. Due to the conflicting evidence presented on the parties'

understanding of the expense payment arrangements, and without any evidence from Appellants as to the amount of restitution sought, we cannot conclude the trial court erred in reaching judgment against Appellants' claim of unjust enrichment. Appellants offered little to no evidence that each company was intended to pay its own expenses and evidence was offered to the contrary. Ultimately, the trial court, as trier of fact, was not persuaded by Appellants' unjust enrichment arguments and determined that Appellants' "silence and acquiescence for over 25 years is a compelling factor that they have failed to sustain their burden in proving an agreement that each entity pay its own expenses." (10/15/14 J.E.) As the record does not substantiate Appellants' claims in this regard and they appear speculative at best, Appellants' first and second assignments of error are without merit and are overruled.

ASSIGNMENT OF ERROR NO. 3

The trial court erred in finding in the Defendants' favor on the Complaint's "spoliation of evidence" claim.

**{¶16}** In their third assignment of error, Appellants contend the trial court erred in finding in Appellees' favor on the claim of spoliation of evidence.

**{¶17}** We again note that a judgment supported by some competent and credible evidence going to all elements of the claim will not be reversed as against the manifest weight of the evidence. *C.E. Morris Co., supra.*

**{¶18}** The Ohio Supreme Court has recognized the following elements required to prove a claim of spoliation of evidence: (1) pending or probable litigation

involving the claimant; (2) the respondent has knowledge that litigation exists or is probable; (3) willful destruction of evidence by respondent in an attempt to disrupt claimant's case; (4) actual disruption of claimant's case; and (5) damages resulting from the destruction. *Smith v. Howard Johnson Co., Inc.,* 67 Ohio St.3d 28, 29, 615 N.E.2d 1037 (1993).

**{¶19}** In order to succeed on a claim for spoliation, Appellants must establish each element. At trial, Appellants introduced a letter dated October 31, 2008, from Udell's estate attorney to Seely, requesting the Inter-County corporate record book and all records of shareholder meetings, financial statements and tax returns. Appellants also submitted a second letter the estate attorney sent after the November of 2008 shareholder meeting regarding dissolution in which the attorney informed Seely that there was a disagreement about the expense paying arrangement. This letter again contained a request for the documents. Appellants note in their brief that Seely testified at trial regarding a letter reciting the terms of engagement between Inter-County and their accounting firm, Packer Thomas. In his testimony Seely refers to this letter as a "CYA letter," saying the accounting firm was "covering their own behind because they are not sure what's going to happen[.]" (Trial Tr., pp. 280-281.)

**{¶20}** The letters presumably were offered in support of the first and second elements of Appellants' claim of spoliation: that litigation was pending or probable and that Appellees had knowledge. However, it is apparent that the trial court did not interpret this evidence as Appellants would have liked. In its entry, the trial court states: "[t]he Court further finds that the Plaintiffs have failed to show that the

Defendants, with knowledge that there would be pending or probable litigation, destroyed records in a manner designed to disrupt Plaintiffs' case." (10/14/15 J.E.)

**{¶21}** On review, we do not find error in this decision. The letters and Seeley's testimony do not meet the threshold burden to establish that Appellees were aware that litigation was pending or probable. Over two years elapsed between the dissolution discussion and exchange of letters and the time this suit was filed. During the intervening years, there is no evidence of any further contact from the estate attorney or evidence that in any other way indicates that litigation was probable. While this evidence clearly reflects disagreements during dissolution, as over two years elapsed with no further adverse action, we cannot say the trial court clearly lost its way in finding this did not rise to the level necessary to show knowledge on the part of Appellees.

**{¶22}** Appellants also presented no evidence of willful destruction of records to satisfy the third element of their spoliation claim. "The concept of 'willfulness' contemplates not only an intentional commission of the act, but also a *wrongful* commission of the act." (Emphasis sic.) *Drawl v. Cornicelli,* 124 Ohio App.3d 562, 567, 706 N.E.2d 849 (1997). Appellees admit that records were destroyed in the ordinary course of business in 2009 once the companies ceased operation. At that time, there was no suit pending, no litigation apparently contemplated, and a year and a half had passed since the dissolution meeting. Appellees note that the accountants still possess all financial records and filings, to which Appellants had

complete access as shareholders. Therefore, Appellants failed to establish the third element and their spoliation of evidence claim must fail.

{¶23} Appellants' third assignment of error is without merit and is overruled. Based upon the foregoing, Appellants' three assignments of error are without merit and are overruled. The judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.