[Cite as *Richardson v. MYCAP*, 2018-Ohio-2776.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

**DOUGLAS RICHARDSON, et al.**,

Plaintiffs-Appellees,

v.

**MYCAP**,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0021**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 15 CV 1106

**BEFORE:**
Kathleen Bartlett, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Diana Feitl*, 1375 East Ninth Street, 10th Floor, Cleveland, Ohio 44114, for
Defendant-Appellant and

*Atty. Timothy Cunning*, 940 Windham Court, Suite 4, Boardman, Ohio 44512, for
Plaintiffs-Appellees.

Dated:  June 29, 2018

**BARTLETT, J.**

{¶1} Defendant-Appellant, Mahoning Youngstown Community Action Partnership (MYCAP) appeals the judgment of the trial court denying its summary judgment motion and granting summary judgment in favor of Plaintiffs-Appellees, Douglas Richardson and 48 other former employees of MYCAP, in their suit for payment of accrued, unused paid time off (PTO). On appeal, MYCAP asserts that Appellees either failed to meet their initial summary judgment burden on their claims or that there are genuine issues of material fact remaining that preclude summary judgment. MYCAP further asserts that the trial court should have instead granted summary judgment in its favor. For the following reasons, MYCAP's assignments of error are meritless and the judgment of the trial court is affirmed.

### Facts and Procedural History

{¶2} Appellees are all former employees of MYCAP, a non-profit corporation. (Montes Dep. 14-15.) During their employment, Appellees were provided employee handbooks intended to inform them of MYCAP's employment practices and policies. (McGee Dep. 26.) Appellees were laid off on July 31, 2014, when MYCAP lost its Head Start grant. (Montes Dep. 14.)

{¶3} Although MYCAP discusses at length the history of its PTO and other leave polices, it is undisputed that, at the time of Appellees' termination, the 2013 Employee Handbook governed Appellees' employment. (Appellant's Brief, p. 9.) Further, the 2013 Handbook provides that it "replaces any and all other or previous MYCAP Employee Handbooks or other MYCAP policies whether written or oral." (MYCAP BIO to MSJ, Montes Aff., Ex. 2, 2013 Handbook, p. 6.)

{¶4} MYCAP admits it drafted and provided Appellees with a copy of the 2013 Handbook. (McGee Dep. 26; MYCAP BIO to MSJ, Montes Aff., Ex. 12.) Section 15 of the 2013 Handbook is titled Paid and Unpaid Leaves of Absence. Underneath that heading is the following parenthetical: (revised/board approved 02/28/13.) (Appellees' MSJ, Ex. A.) This section includes employee entitlement to a number of different specific types of paid leave including vacation, personal, sick and others. (*Id.*) As a

general rule, the Handbook provides that unused sick, vacation and personal leave will not be paid out. (*Id.*)

{¶5} At issue in this case, however, is the following provision, which provides an exception to the general rule:

> **Remaining PTO Balances as of 12/31/11 (Grandfathered PTO Rules)**
>
> Any employee with PTO hours to a maximum of 200 hours remaining at December 31, 2011 under the former PTO policy shall have those hours "grandfathered" and banked going forward. The banked PTO hours will be available to those employees for any use that would have been allowable under the old PTO policy. Program and operation requirements will continue to override any request for leave, and the rules for using those banked hours remain the same. *At the end of employment with MYCAP, unused PTO balance hours will be paid out according to the schedule.*

(Emphasis added.) (Appellees' MSJ, Ex. A, 2013 Handbook, p. 36.)

{¶6} Despite their employment ending, Appellees were not paid for their accrued, unused PTO. (Montes Dep. 14.). Appellees claim they are entitled to payment pursuant to the above-quoted provision in the 2013 Handbook. Accordingly, on April 24, 2015, Appellees brought an action against MYCAP for their failure to pay them their accrued, unused PTO upon separation from MYCAP. Appellees claimed entitlement under several alternative legal theories: breach of express contract, unjust enrichment, and promissory estoppel. (4/25/15 Complaint.)

{¶7} Appellees and MYCAP filed cross-motions for summary judgment. Appellees asserted that Ohio courts have enforced company policies regarding payment of unused PTO. They further asserted that pursuant to the 2013 Handbook, Appellees were entitled to such payments upon their separation and that MYCAP refused to pay. (11/16/16 Appellees' MSJ.) In support of their motion, Appellees relied upon deposition testimony, the 2013 Handbook, and Appellees' responses to MYCAP's interrogatories in which each plaintiff asserted his or her specific damages. (11/16/16 Appellees' MSJ, Ex. A-YY.) Their alleged damages were based upon hours of PTO remaining at their separation from MYCAP pursuant to a document entitled "MYCAP

Separation Liability as of 7/31/14." (Montes Dep., Ex.) MYCAP's corporate representative testified that there was no one who could dispute the PTO balance hours reflected in that document. (Montes Dep. 98-100.)

{¶8} In its brief in opposition to summary judgment, MYCAP argued that Appellees cannot recover under an express breach of contract theory because the 2013 Handbook contains a disclaimer barring the creation of an employment contract. Additonally, even if the handbook could create an express contract, none was created here because there was no mutual assent between the parties. (12/14/16 MYCAP BIO to MSJ.) MYCAP further argued that any claim under an unjust enrichment theory fails because MYCAP has not retained a benefit from Appellees without proper payment. In other words, that Appellees are not entitled to the payment of unused PTO. (*Id.*) It claimed that the handbook provision upon which Appellees rely was erroneously included in the 2013 Handbook and that regardless, there is a genuine issue of material fact regarding whether the grandfathered PTO provision created a clear policy entitling Appellees to payment of unused PTO upon separation. (*Id.*) Finally, MYCAP argued that any claim under a promissory estoppel theory must fail because Appellees failed to demonstrate justifiable reliance. (*Id.*) MYCAP supported its arguments with evidence including responses to discovery requests, deposition testimony, and affidavits, attachments to which included past leave policy documents/handbooks, emails and memoranda to employees, past Board resolutions and MYCAP's 2015 Employee Handbook, which was instituted after Appellees' termination. (12/14/16 MYCAP BIO to MSJ, Exhibits.) Notably MYCAP did not provide any evidence rebutting Appellees' damages calculation.[1]

{¶9} Appellees subsequently filed a reply brief in support of summary judgment, which mainly focused on their unjust enrichment claim. (12/14/16 Appellees' Reply.)

{¶10} On January 30, 2017, the trial court denied MYCAP's motion and sustained Appellees' motion, awarding Appellees damages in the amount of

---

[1] Instead, MYCAP requested a separate hearing and briefing on damages, which we can presume the trial court denied when it failed to rule specifically on that request and instead granted summary judgment in favor of Appellees and denied MYCAP's motion for summary judgment motion. *See Shakoor v. VXI Glob. Solutions, Inc.*, 7th Dist. No. 16 MA 0038, 2017-Ohio-8018, ¶ 14.

$84,779.19, plus interest, as they had requested. (1/30/17 J.E.) From that judgment, MYCAP timely appealed. (2/8/17 Notice of Appeal.)

### Summary Judgment

**{¶11}** MYCAP asserts the following two assignments of error, which are interrelated and will be discussed together for clarity of analysis:

The trial court erred by granting summary judgment to Plaintiffs.

The trial court erred by overruling MYCAP's motion for summary judgment.

**{¶12}** MYCAP challenges the trial court's summary judgment decision.  An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155. Summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the nonmovant, reasonable minds must conclude that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Id.* at 293.

**{¶13}** As a threshold matter, Appellees met their initial summary judgment burden regarding their claims, contrary to MYCAP's contentions. In support of their claims, Appellees provided evidence in the form of depositions and their exhibits, along with interrogatory responses. Although the summary judgment motion did not specifically go through the elements of the alternative legal theories presented in their complaint, it cited case law holding that employees can recover payment for unused PTO to which they are entitled under company policy.

**{¶14}** Further, there are no genuine issues as to any material fact; therefore

Appellees are entitled to judgment. "Notably, Ohio courts have enforced company policies regarding payment—or nonpayment—of personal or vacation time upon termination of employment when those policies are clear and published in an employee handbook." *Sexton v. Oak Ridge Treatment Ctr. Acquisition Corp.*, 167 Ohio App.3d 593, 2006-Ohio-3852, 856 N.E.2d 280, ¶ 13 (4th Dist.). *See also Majecic v. Universal Dev. Mgmt. Corp.*, 11th Dist. No. 2010-T-0119, 2011-Ohio-3752, ¶ 22. "[A]n agreement entitling employees to vacation with pay which is based upon length of service and time worked, is not a gratuity, but is a form of compensation for services." *Shuler v. USA Tire, Inc.*, 12th Dist. No. CA90-08-171, 1991 WL 106030, at *2 (June 17, 1991) (agreeing with trial court).

{¶15} In *Sexton*, *supra*, the court noted that "[a]lthough employee handbooks and policy manuals are not in and of themselves contracts of employment, they may define the terms and conditions of an at-will employment relationship if the employer and employee manifest an intention to be bound by them." *Id*. at ¶ 14. Thus, it appears that suits for payment of accrued, unused PTO sound more in equity than in breach of express contract.

{¶16} Indeed, although the trial court did not state under which legal theory it found in Appellees' favor under a de novo review, Appellees prevail under an unjust enrichment theory. "A claim for unjust enrichment, or quantum meruit, is an equitable claim based on contract implied in law, or a quasi-contract." *Padula v. Wagner*, 2015-Ohio-2374, 37 N.E.3d 799, ¶ 47 (9th Dist.). It occurs "when a party retains money or benefits which in justice and equity belong to another." *Liberty Mut. Ins. Co. v. Indus. Comm. of Ohio*, 40 Ohio St.3d 109, 111, 532 N.E.2d 124 (1988). "The elements of an unjust enrichment claim are as follows: (1) a benefit conferred by plaintiff upon defendant; (2) knowledge by defendant of the benefit; and (3) retention of the benefit by defendant in circumstances where retention without payment to plaintiff is unjust." *In re Estate of Udell v. Seely*, 2016-Ohio-6974, 71 N.E.3d 724, ¶ 9 (7th Dist.).

{¶17} MYCAP has acknowledged that Appellees have satisfied the first and second elements of unjust enrichment. (Appellant's Brief at p. 17; p. 23.) MYCAP admits that it drafted the 2013 Handbook and provided Appellees with a copy of the handbook. (McGee Dep. 26, MYCAP BIO to MSJ, Montes Aff., Ex. 12.)

**{¶18}** With regard to the third element there is no genuine issue of material fact that Appellees were entitled to payment of their unused PTO upon separation from MYCAP and retention of those payments by MYCAP would be unjust. As discussed, the plain language of the 2013 Handbook provides:

> Any employee with PTO hours to a maximum of 200 hours remaining at December 31, 2011 under the former PTO policy shall have those hours "grandfathered" and banked going forward. The banked PTO hours will be available to those employees for any use that would have been allowable under the old PTO policy. Program and operation requirements will continue to override any request for leave, and the rules for using those banked hours remain the same. *At the end of employment with MYCAP, unused PTO balance hours will be paid out according to the schedule.*

(Emphasis added.) (Appellees' MSJ, Ex. A, 2013 Handbook, p. 36.)

**{¶19}** MYCAP argues that the above section was erroneously included in the 2013 Handbook. In making this argument it points to the evolution of the leave and PTO policies over time. However, the 2013 Handbook expressly provides that it "replace[d] any and all other or previous MYCAP Employee Handbooks or other MYCAP policies whether written or oral." (MYCAP BIO to MSJ, Montes Aff., Ex. 2, 2013 Handbook, p. 6.) Thus, the past policies are not relevant to this case. Based on the above, Appellees are entitled to be paid their unused PTO upon separation.

**{¶20}** Further, there are no genuine issues of fact regarding damages. Appellees provided damages calculations for each plaintiff via responses to MYCAP's interrogatories. (11/16/16 Appellees' MSJ, Ex. C-YY.) Their alleged damages were based upon hours of PTO remaining at their separation from MYCAP pursuant to a document entitled MYCAP Separation Liability as of 7/31/14. (Montes Dep., Ex. F.) MYCAP's corporate representative testified the document was created by the finance department and there was no one who could dispute the PTO balance hours reflected therein. (Montes Dep. 45, 53-60, 98-100, Ex. F.) Further, MYCAP failed to provide any evidence rebutting Appellees' damages calculation in its brief in opposition to summary judgment. (12/14/16 MYCAP BIO to MSJ.)

Case No. 17 MA 0021

{¶21} Thus, for all of the above reasons, both of MYCAP's assignments of error are meritless. The trial court properly granted Appellees' motion for summary judgment and denied MYCAP's. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.
Robb, P.J., concurs.

[Cite as *Richardson v. MYCAP*, 2018-Ohio-2776.]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**