[Cite as *Bielawski v. Fifth Third Bancorp*, 2024-Ohio-828.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TERI BIELAWSKI,                           :

   Plaintiff-Appellant,              :

       v.                              :

FIFTH THIRD BANCORP, ET AL.,              :

   Defendants-Appellees.             :

No. 113006

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 7, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-937632

---

### *Appearances:*

Teri Bielawski, *pro se.*

Jackson Lewis P.C., Scott A. Carroll, Jeffrey Keiper, and
David A. Nenni, *for appellees.*

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiff-appellant Teri Bielawski ("Bielawski") appeals from the trial court's order granting summary judgment in favor of defendants-appellees Fifth Third Bancorp, Fifth Third Bank, National Association, and Fifth Third Asset

Management, Inc. (collectively, "Fifth Third," "defendants," or "defendants-appellees.") For the reasons that follow, we affirm the judgment of the lower court.

**Factual and Procedural History**

{¶ 2} Fifth Third Asset Management, Inc., now known as Mainstreet Investment Advisors, LLC, was formerly a subsidiary of the other Fifth Third appellee entities focused on investment management. Bielawski was a Fifth Third employee from 2004 to March 2011. Shortly after her March 2011 termination, Bielawski filed a retaliation charge with the Occupational Safety and Health Administration ("OSHA") claiming that Fifth Third had terminated Bielawski in violation of the Sarbanes-Oxley Act. Bielawski withdrew this charge in 2013.

{¶ 3} The instant case began almost a decade after Bielawski left Fifth Third, when Bielawski filed a complaint against Fifth Third on September 22, 2020. The claims related to OSHA and the Sarbanes-Oxley Act had since expired as a matter of law based on the applicable statutes of limitations; Bielawski provides no explanation for her extended period of inaction prior to filing the complaint in the instant case. The complaint alleged two counts of breach of contract. Specifically, Bielawski alleged that a Fifth Third Code of Conduct and a Fifth Third Code of Ethics were contracts entitling her to relief.

{¶ 4} On October 26, 2020, Fifth Third filed a motion to dismiss pursuant to Civ.R. 12(B)(6) or, in the alternative, a motion for summary judgment. Fifth Third argued that Bielawski's complaint was an attempt to inappropriately revive her statutory employment-related claims under a nonexistent contract. Fifth Third

argued that Bielawski's claims should fail as a matter of law because the claimed contracts on which Bielawski based her action were not, in fact, contracts.

{¶ 5} On November 11, 2020, Bielawski filed a brief in opposition to Fifth Third's motion to dismiss. On November 18, 2020, Fifth Third filed a reply brief in support of the motion to dismiss.

{¶ 6} On December 11, 2020, the court denied Fifth Third's motion to dismiss. In its corresponding opinion and order, the court held that because the complaint in the instant case did not include any statutory employment claims, the statute of limitations for those claims was irrelevant. Further, because the court had not yet held a case-management conference and discovery had not been conducted, the court declined to rule on Fifth Third's motion for summary judgment.

{¶ 7} The parties proceeded to engage in discovery.

{¶ 8} On March 2, 2023, Fifth Third filed a motion for summary judgment. In its motion for summary judgment, Fifth Third reiterated its argument that the ethics codes on which Bielawski based her breach-of-contract claims were not in fact contracts between the parties, and, therefore, not a valid basis for a breach-of-contract claim.

{¶ 9} On March 31, 2023, Bielawski filed a brief in opposition to Fifth Third's motion for summary judgment. On April 7, 2023, Fifth Third filed a reply brief in support of its motion for summary judgment.

{¶ 10} On June 27, 2023, the trial court granted Fifth Third's motion for summary judgment. In its corresponding opinion, the court held that Bielawski's

breach-of-contract claims derived from three documents: (1) the Fifth Third Bancorp Code of Business Conduct and Ethics; (2) the Fifth Third Asset Management, Inc. Code of Ethics; and (3) a group of "Quarterly Qualifications" that Bielawski executed in 2009 and 2010. The court found those documents "insufficient to establish a claim for breach of contract." Specifically, the court found that "[e]mployee manuals, policies, and codes of conduct such as the documents [cited by Bielawski] are insufficient by themselves to create a contract." *Malone v. Anchor Tool & Die Co.*, 8th Dist. Cuyahoga No. 75752, 2000 Ohio App. LEXIS 656 (Feb. 24, 2000).

{¶ 11} Bielawski filed a timely notice of appeal from the trial court's grant of summary judgment and raises a single assignment of error for our review:

> The trial court committed reversible error in granting summary judgment for the defendants by ruling that the ethics agreements did not constitute contracts between the parties.

**Legal Analysis**

{¶ 12} Bielawski's sole assignment of error challenges the trial court's grant of Fifth Third's motion for summary judgment on her breach-of-contract claims. We review a trial court's summary judgment decision de novo, applying the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable

minds can reach only a conclusion that is adverse to the nonmoving party.  Civ.R. 56(C).

{¶ 13} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate the absence of a genuine issue of material fact and entitlement to summary judgment as a matter of law.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).  If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial.  *Id.* at 293.  If the nonmoving party fails to meet this burden, summary judgment is appropriate.  *Id.*

{¶ 14} A breach of contract is established when a party shows (1) the existence of a contract; (2) that the nonbreaching party performed on the contract; (3) that the breaching party failed to perform its contractual obligations without legal excuse; and (4) the nonbreaching party suffered damages flowing from the breach.  *Kertes Ents., L.L.C. v. Sanders*, 8th Dist. Cuyahoga No. 109584, 2021-Ohio-4308, ¶ 11, citing *Holliday v. Calanni Ents.*, 8th Dist. Cuyahoga No. 110001, 2021-Ohio-2266, ¶ 20, citing *Doner v. Snapp*, 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (2d Dist.1994).

{¶ 15} "'Contract formation requires an offer, acceptance, consideration, and mutual assent between two or more parties with the legal capacity to act.'"  *Id.*, quoting *Widok v. Estate of Wolf*, 8th Dist. Cuyahoga No. 108717, 2020-Ohio-5178,

¶ 52, citing *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16. "'In order to declare the existence of a contract, both parties to the contract must consent to its terms * * *; there must be a meeting of the minds of both parties * * *; and the contract must be definite and certain.'" *Id.*, quoting *Episcopal Retirement Homes v. Ohio Dept. of Industrial Relations*, 61 Ohio St.3d 366, 369, 575 N.E.2d 134 (1991).

{¶ 16} Bielawski's action alleged that Fifth Third required her to enter into a contract — specifically, the Fifth Third Bancorp Code of Business Conduct and Ethics and the Fifth Third Asset Management, Inc. Code of Ethics ("the ethics codes") — which obligated her to engage in certain conduct. According to Bielawski, her employment was conditioned upon her signing these agreements, and in exchange, Fifth Third agreed that her reports of violations of the ethics codes would be treated confidentially and would be investigated promptly and appropriately.

{¶ 17} Bielawski further argues that in other legal actions, Fifth Third consistently referred to the ethics codes as agreements and repeatedly attempted to enforce the ethics codes as contracts in litigation against other employees. This, according to Bielawski, evidences that Fifth Third considers the ethics codes to be contracts.

{¶ 18} Finally, Bielawski points to case law stating that "'an employer's promulgation of employment manuals, employee handbooks or other written guidelines elucidating policies or practices may be evidence of the existence of subsidiary agreements internal to the employment relationship.'" *Staschiak v.*

*Certified Logistics, Inc.*, 2016-Ohio-897, 60 N.E.3d 824, ¶ 22 (11th Dist.), quoting *White v. Fabiniak*, 11th Dist. Lake No. 2007-L-100, 2008-Ohio-2120, ¶ 17.

{¶ 19} Fifth Third argues that the ethics codes are not contracts, but rather are unilateral statements of policy as to how Fifth Third expects its employees to conduct themselves. Fifth Third further points out that it retained the right to unilaterally change the ethics codes at any time.

{¶ 20} It is true that employment manuals may constitute binding contracts between employees and employers provided all necessary elements of an implied contract are present. *Staschiak* at ¶ 22, citing *Jones v. Conneaut City Health Dept.*, 190 Ohio App.3d 28, 2010-Ohio-4560, 940 N.E.2d 629, ¶ 27 (11th Dist.). Cases in which an employee handbook was found to constitute a binding contract typically involve specific terms, such as guidelines relating to pay increases or vacation time policies. *Stachiak* at ¶ 22-23, citing *Majecic v. Universal Dev. Mgmt. Corp.*, 11th Dist. Trumbull No. 2010-T-0119, 2011-Ohio-3752, ¶ 22. In cases where the handbook or manual in question contains specific language within the handbook claiming that the handbook was not a contract and clearly showing no intent to be bound by it, however, courts generally decline to view such documents as binding contracts. *Id.*, citing *Smiddy v. Kinko's Inc.*, 1st Dist. Hamilton No. C-020222, 2003-Ohio-446, ¶ 21, and *Finsterwald-Maiden v. AAA S. Cent. Ohio*, 115 Ohio App.3d 442, 447, 685 N.E.2d 786 (8th Dist.1996).

{¶ 21} Our review of the Fifth Third Bancorp Code of Business Conduct and Ethics reveals that by its own terms, the code "is a general outline of the standard by

which all directors, officers, and employees * * * should conduct themselves." Further, the code "is not intended to and does not in any way constitute an employment contract or assurance of continued employment, and does not create any rights in any director, officer, [or] employee." Likewise, the Fifth Third Asset Management, Inc. Code of Ethics is a set of guidelines created "[i]n order to protect [their] Clients, and adhere to the SEC's Code of Ethics rule, Rule 204A-1 of the Advisers Act, as well as Rule 17j-1 of the Company Act." Further, the Fifth Third Asset Management, Inc. Code of Ethics provides that it may be unilaterally updated.

{¶ 22} Bielawski has not demonstrated the existence of a written contract. While documents such as the ethics codes "'may be important in establishing the terms and conditions of employment, [they] merely constitute unilateral statements of company rules and regulations.'" *Wiencek v. Continental Airlines, Inc.*, 8th Dist. Cuyahoga No. 90812, 2008-Ohio-5130, ¶ 15, quoting *Bartlett v. Daniel Drake Mem. Hosp.*, 75 Ohio App.3d 334, 599 N.E.2d 403 (8th Dist.1991). Because Bielawski has not demonstrated the existence of a written contract, we find no genuine issue of material fact as to her breach-of-contract claims based on the ethics codes.

{¶ 23} Therefore, the trial court did not err by granting Fifth Third's motion for summary judgment. Accordingly, we overrule Bielawski's assignment of error and affirm the lower court's judgment.

{¶ 24} Judgment affirmed.

It is ordered that appellees recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR